654, 99 N. Y. Supp. 1097, wherein the Fourth Department held that a machine somewhat similar to the machine in question was a gambling device, within the prohibition of the statute.

The respondent urges, however, that this question has been decided by this court in the case of Yale Wonder Clock Co. v. Surman, decided without opinion, 120 App. Div. 904, 105 N. Y. Supp. 1151, and affirmed without opinion in the Court of Appeals, 193 N. Y. 632, 86 N. E. 1135. The facts in that case, however, were materially different Upon the machine there considered was a chart which indicated not only how much was to be received for the nickel deposited, but also how much was to be received for each subsequent nickel deposited, so that by an examination of the chart the exact return for the nickel was ascertainable, and there was no element of chance. It is possible that in the machine there considered this chart was placed so inconspicuously as not to attract attention, and so as to present to the ordinary customer, who did not study the chart, an uncertain option. If that machine had been attacked upon such a ground, it might well have been held to have been a gambling device; but that case was not tried upon any such theory. The referee in the case was not requested to find any fact in reference to such a theory, and, as the case stood before this court, we were not authorized to find facts not found by the referee in order to reverse the judgment.

The order discharging the relator from custody should therefore be reversed, and the relator remanded to the custody of the chief of police of the city of Glens Falls.

Order discharging relator from custody reversed, and relator remanded to the custody of the chief of police of the city of Glens Falls. All concur; BETTS, J., in result.

---

### MELLEN v. ATHENS HOTEL CO.

(Supreme Court, Appellate Division, First Department. November 29, 1912.)

1. LIBEL AND SLANDER (§ 51*)—PRIVILEGED COMMUNICATIONS—EFFECT OF MALICE.

Where, though a communication injuriously affecting another in his profession was of a privileged character, a malicious intent on the part of the writer would destroy the privilege, and render it actionable.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 149, 150; Dec. Dig. § 51.*]

2. LIBEL AND SLANDER (§ 101*)—PRIVILEGED COMMUNICATIONS—MALICE—BURDEN OF PROOF.

Where statements in a privileged communication are relied on as slander, because of malice in their making, the burden of proving malice is on the plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 273–280; Dec. Dig. § 101.*]

3. LIBEL AND SLANDER (§ 83*)—PRIVILEGED COMMUNICATIONS—MALICE—COMPLAINT.

An inference of malice, which would support an action for slander in his profession by statements contained in a privileged communication,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

will arise where expressions beyond such as are necessary for the purposes of the communication are included; but, whatever the proof available, plaintiff need not allege such matters of evidence in his complaint.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 198; Dec. Dig. § 83.*]

Appeal from Special Term, New York County.

Action by Nathan C. Mellen against the Athens Hotel Company. Demurrer to the complaint overruled, and defendant appeals. Affirmed.

See, also, 149 App. Div. 534, 133 N. Y. Supp. 1079.

The following is the opinion of Bischoff, J., at Special Term.

[1, 2] There can be no question that the matter contained in the letter set forth in the complaint injuriously affected the plaintiff in his profession. While the surrounding circumstances, as alleged, would indicate reason for a ruling upon the trial that the letter was a privileged communication, because referring to a matter of business interest common to the writer and the addressee, the complaint is not rendered thereby insufficient in law. If the writing were ostensibly privileged, a malicious intent upon the part of the writer would destroy the privilege; but the plaintiff would have the burden of proving malice upon the trial. Odgers on Libel and Slander (4th Ed.) p. 236; Hemmens v. Nelson, 138 N. Y. 517, 529, 34 N. E. 342, 20 L. R. A. 440.

[3] An inference of malicious intent may arise from the writer's inclusion of expressions beyond such as are necessary for the purpose of the privileged communication; but, whatever the proof available, the plaintiff need not allege his evidence. Here the complaint sets forth the fact that the matter was published maliciously, and upon proof within the allegation of fact a case for the recovery of damages would be presented.

Demurrer overruled, with costs, with leave to defendant to plead over on payment of costs within 20 days.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Theall & Beam, for appellant.
Strong & Mellen, for appellee.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of Bischoff, J., with leave to defendant to withdraw demurrer and to answer on payment of costs.

Order filed.

(78 Misc. Rep. 393.)

KEYSER v. REID–PALMER CONST. CO.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

1. MASTER AND SERVANT (§ 116*)—INJURIES—"WAYS, WORKS, AND MACHINERY."

A scaffold, which collapsed while plaintiff was standing on it nailing strips to the ceiling, which was portable and consisted of planks resting upon horses, was a part of the employer's "ways, works, and machinery," within Employer's Liability Law (Consol. Laws 1909, c. 31) § 200, as amended by Laws 1910, c. 352.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7421.]